

## OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 2, 1947

Honorable Homer Garrison, Jr., Director,
Texas Department of Public Safety,
Camp Mabry,
Austin 9, Texas.

Opinion No. V-229

Re: Authority of State
Highway Patrolman
to make arrests
aboard ships in
Texas ports under
certain conditions.

Dear Sir:

Your request for an opinion is as follows:

"Please advise the authority of a Texas Highway Patrolman to make an arrest under the following conditions:

"A person commits a misdemeanor within sight of a Patrolman. Before the person can be apprehended he goes aboard a ship flying the flag of this country, which ship is tied up to a dock in the Houston ship channel. Can the Patrolman go aboard the ship and make the arrest? Would there be any difference if the offense committed was a felony? Would it be necessary for the Patrolman to secure a warrant of arrest before going aboard the ship, even though he was in pursuit of the person committing the violation when that person went aboard the ship? Should the ship be flying the flag of a foreign country, would this make any difference in the arrest procedure?

"Assume that a Texas Highway Patrolman

has a misdemeanor warrant for a person who is aboard a ship, can the Patrolman serve the warrant on the ship? Can he serve a felony warrant on the ship, either flying the flag of this country or the flag of a foreign country? Would it make any difference if the ship was anchored in the channel and not tied up at the dock?"

Article 212 of Vernon's Code of Criminal Procedure reads as follows:

"A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

Article 215 of Vernon's Code of Criminal Procedure provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Article 216 of Vernon's Code of Criminal Procedure provides:

"In each case enumerated where arrests may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant."

Article 37 of Vernon's Code of Criminal Procedure reads:

"It is the duty of every peace officer to preserve the peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall, in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful

process issued to him by any magistrate or court. He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. He shall arrest offenders without warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be tried."

In addition to certain other powers granted to the Texas Highway Patrol by Article 4413 (12), V. C. S., the officers were further clothed with all of the powers and authority given to members of the Texas Ranger Force.

Section (4) of Article 4413 (11), V. C. S., in speaking of the Ranger force provides:

"The officers shall be clothed with all the powers of peace officers, and shall aid in the execution of the laws."

Assuming the ships in question to be merchant ships and not warships of our Navy or of a foreign power, we will answer your inquiries on that premise.

Wheaton's Elements of International Law, Sixth Edition, at page 151, reads as follows:

"According to the judgment of the Supreme Court of the United States, where, without treaty, the ports of a nation are open to the public and private ships of a friendly power, whose subjects have also liberty, without special license, to enter the country for business or amusement, a clear distinction was to be drawn between the rights accorded to private individuals, or private trading vessels, and those accorded to public armed ships which constitute a part of the military force of the nation.

"When private individuals of one nation spread themselves through another as business or caprice may direct, mingling indiscriminately with the inhabitants of that other; or when merchant vessels enter for the purposes of trade, it would be obviously inconvenient and dangerous

to society, and would subject the laws to continual infraction, and the government to degradation, if such individuals did not owe temporary and local allegiance, and were not amenable to the jurisdiction of the country. Nor can the foreign sovereign have any motive for wishing such exemption. His subjects, then, passing into foreign countries, are not employed by him, nor are they engaged in national pursuits. Consequently there are powerful motives for not exempting persons of this description from the jurisdiction of the country in which they are found, and no motive for requiring it. The implied license, therefore, under which they enter, can never be construed to grant such exemption.

" . . .

"Upon these principles, by the unanimous consent of nations, a foreigner is amenable to the laws of the place; but certainly, in practice, nations have not yet asserted their jurisdiction over the public armed ships of a foreign sovereign, entering a port open for their reception."

It therefore follows that merchant ships of a friendly power entering ports of this State are in the same category as merchant ships of the United States in such ports, and if peace officers are allowed to go aboard United States ships to make arrests, they would be so authorized in the case of merchant ships of a foreign nation in the absence of treaties to the contrary.

The case of Ex Parte Ponzi, 290 S. W. 170, involved the arrest of a person aboard an Italian merchant ship, at the port of New Orleans by a deputy sheriff of Texas who returned to Texas with the prisoner. Although the Texas deputy sheriff did not actually go aboard the ship to make the arrest, but by an arrangement with the second officer had the prisoner sent ashore where the arrest was made, the Texas Court of Criminal Appeals held that a private ship, entering a foreign jurisdiction, becomes subject to the laws and control of the country visited, in the absence of treaty stipulations to the contrary, and any crime committed there may be punished by local laws.

Under the authority of the above cited statutes

and the case of Ex Parte Ponzi, it is the opinion of this department that if a person commits a misdemeanor, which is an offense against the public peace, or a felony, within the sight of a Highway Patrolman, and goes aboard a merchant ship of the United States or any foreign power, the patrolman has the authority to go aboard the ship to make the arrest without a warrant, if said patrolman was in "fresh pursuit" of the offender. It is also the opinion of this department that a Highway Patrolman may serve either a misdemeanor or felony warrant on a United States merchant ship or a merchant ship of a foreign power that is in a Texas port. The fact that the ship is anchored in the channel or "in the stream" is of no consequence.

It should be noted, however, that this authority does not extend to men of war or armed warships of the United States or any foreign nation. The same rule of entering upon a government reservation to make an arrest would apply in such cases.

## SUMMARY

State Highway Patrolmen are "peace officers," and if a person commits a misdemeanor which is an offense against the public peace, or felony, within their sight, they have the authority, while still in "fresh pursuit" to go aboard a merchant ship of the United States or of any foreign power, in a Texas port, to arrest the offender without a warrant. (Art. 4413 (12), V. C. S., Arts. 37, 212, 215, 216, V. C. C. P.)

Such officers are authorized to serve either a misdemeanor or felony warrant on a United States merchant vessel or a merchant ship of a foreign nation that is in a Texas port. The fact that the ship may be in the channel is of no consequence.

Yours very truly

RAH/JMc

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By *Robert A. Hall*

Robert A. Hall
Assistant